| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS<br><br>STEWART F. GROSSMAN,<br>CHAPTER 7 TRUSTEE | DEFENDANTS<br><br>JAMES BRIEN, DEBORAH BRIEN<br>SCOTT BRIEN, AYMSLEY BRIEN AND<br>LAUREN BRIEN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pamela A. Harbeson, Esq.<br>LOONEY & GROSSMAN LLP<br>101 Arch Street<br>Boston, MA  02110   617-951-2800 | ATTORNEYS (If Known) |

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint seeking breach of contract, quantum meruit, turnover (11 U.S.C. §542) fraudulent conveyance (11 U.S.C. § 548 and ¶550) relating to use of funds, assets, debit cards of the Debtor for personal expenditures.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- ☒ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727

- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| DEMAND | NEAREST THOUSAND $ 686 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>The American Sunroom Co., Inc. | BANKRUPTCY CASE NO.<br>04-41586-JBR | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Western | NAME OF JUDGE<br>Rosenthal |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☒ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>2/1/05 | PRINT NAME<br>Pamela A. Harbeson, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Pamela A. Harbeson* | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>THE AMERICAN SUNROOM CO., INC.,<br><br>Debtor | Chapter 7<br>Case No. 04-41586-JBR |
| STEWART F. GROSSMAN,<br>CHAPTER 7 TRUSTEE,<br>Plaintiff<br><br>v.<br><br>JAMES BRIEN, DEBORAH BRIEN,<br>SCOTT BRIEN, AYMSLEY BRIEN AND<br>LAUREN BRIEN<br>Defendants | Adv. Pro. _____ |

## COMPLAINT

### Introduction

1. This is an action brought by the Chapter 7 Trustee of the estate of the above named Debtor against the former shareholder and director of the Debtor and the wife and children of such director/ shareholder.

### Parties

2. Stewart F. Grossman, Plaintiff, is the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee") of the estate of The American Sunroom Company, Inc., the Debtor in the main case herein (the "Debtor"). The Debtor filed a voluntary Chapter 11 petition on March 23, 2004, which case was converted to one under Chapter 7 of the Bankruptcy Code on October 14, 2004.

3. James Brien was the President of the Debtor, the sole shareholder of the Debtor, and the sole director of the Debtor.

4. Deborah Brien is the wife of James Brien.

5. Scott Brien is the son of James Brien.

6. Aymsley Brien is the daughter of James Brien.

7. Lauren Brien is the daughter of James Brien.

## Jurisdiction

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151 and 157. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A)(E)(H) and (O).

## Facts

### The Debtor

9. The Debtor was in the business of selling and installing pre-fabricated sunrooms. On information and belief, the Debtor operated approximately from January, 2003 to February, 2004.

10. On information and belief, the Debtor would accept deposits from various consumers for the installation of sunrooms on their properties. The sunrooms were then installed, partially installed or never installed.

11. On or about February 5, 2004, the Attorney General for the Commonwealth of Massachusetts (the "AG") commenced an action against the Debtor and James Brien alleging, among other things, that the Debtor and James Brien had violated Mass. Gen. L. c. 93A. The AG obtained an injunction prohibiting the Debtor and James Brien from conducting business. The AG also seized the Debtor's records.

The Debtor's Books, Records and Bank Accounts

12. On information and belief, at all times relevant hereto, James Brien was the president, sole shareholder and sole director of the Debtor.

13. On information and belief, James Brien had control over the books and records of the Debtor and had sole check writing authority over the Debtor's bank accounts.

14. In some cases, checks, debits, point of service transactions and wire transfers were related to the Debtor's business. In numerous cases, James Brien, Deborah Brien, Scott Brien, Aymsley Brien and Lauren Brien used or received the benefit of funds in the bank accounts including without limitation, checks, debits, point of service transactions and wire transfers for personal expenditures.

15. Many of the expenditures that were personal, and not related to the business of the Debtor, were recorded in the Debtor's financial records as "Notes Receivable from Officer". Others were included in legitimate business categories or were recorded in "Petty Cash". Many other expenditures were not recorded at all, but detailed in the Debtor's bank records.

16. As of November 30, 2003, the books and records of the Debtor reflected that Defendants collectively owed $395,015.26 as "Notes Receivable from Officer" to the Debtor.

17. In fact, as of January 31, 2004, James Brien owed the Debtor approximately $484,420.61 on account of personal expenditures that he had made, for whose benefit such expenditures were made, or for cash received for his personal use from the Debtor's funds.

18. As of January 31, 2004, Deborah Brien owed the Debtor approximately $20,887.46 on account of personal expenditures that she had made, for whose benefit such expenditures were made, or for cash received for her personal use from the Debtor's funds.

19. As of January 31, 2004, Scott Brien owed the Debtor approximately $80,302.09 on account of personal expenditures that he had made, for whose benefit such expenditures were made, or for cash received for his personal use from the Debtor's funds.

20. As of January 31, 2004, Aymsley Brien owed the Debtor approximately $20,263.91 on account of personal expenditures that she had made, for whose benefit such expenditures were made, or for cash received for her personal use from the Debtor's funds.

21. As of January 31, 2004, Lauren Brien owed the Debtor approximately $80,205.66 on account of personal expenditures that she had made, for whose benefit such expenditures were made, or for cash received for her personal use from the Debtor's funds.

COUNT I

(BREACH OF CONTRACT: JAMES BRIEN)

22. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

23. James Brien used the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

24. There was a contract between James Brien and the Debtor which obligated James Brien to reimburse the Debtor for such personal expenditures.

25. The Debtor complied with its obligations under the contract, but James Brien breached the contract.

26. James Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

27. As a result of James Brien's breach of contract, the Debtor suffered damages in an amount to be proven at trial.

28. James Brien is liable to the Trustee for breach of contract.

## COUNT II

### (QUANTUM MERUIT/UNJUST ENRICHMENT: JAMES BRIEN)

29. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

30. James Brien used the funds, assets, and debit credit cards of the Debtor for personal purposes and personal expenditures.

31. The Debtor expected to be reimbursed for such personal expenditures, and James Brien reasonably understood and expected that he would have to reimburse the Debtor for such expenditures.

32. James Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

33. As a result of James Brien's failure to reimburse the Debtor, James Brien has been unjustly enriched at the expense of the Debtor and has received a benefit for which he has not paid the Debtor.

34. James Brien is liable to the Trustee for the damages suffered by the Debtor.

## COUNT III

### (TURNOVER: JAMES BRIEN)

35. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

36. James Brien used the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures. As a result of James Brien's personal expenditures, he owed a debt to the Debtor which is mature, payable on demand, or payable on order.

37. James Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

38. James Brien is liable under 11 U.S.C. §542(b) to turnover to the Trustee the amounts he owes to the Debtor.

## COUNT IV

### (FRAUDULENT TRANSFER: JAMES BRIEN)

39. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

40. The Debtor was insolvent at the time of the transfers made to or for the benefit of James Brien, and James Brien knew that the Debtor was insolvent.

41. The Debtor did not receive a reasonably equivalent value from James Brien.

42. The personal expenditures were made with the actual intent to hinder, delay and defraud creditors of the Debtor.

43. The benefit conferred upon James Brien was a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and the Trustee is entitled to recover the value of the amounts so transferred pursuant to 11 U.S.C. § 550(a)(1).

## COUNT V

### (BREACH OF CONTRACT: DEBORAH BRIEN)

44. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

45. Deborah Brien used or received the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

46. There was a contract between Deborah Brien and the Debtor which obligated Deborah Brien to reimburse the Debtor for such personal expenditures.

47. The Debtor complied with its obligations under the contract, but Deborah Brien breached the contract.

48. Deborah Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

49. As a result of Deborah Brien's breach of contract, the Debtor suffered damages in an amount to be proven at trial.

50. Deborah Brien is liable to the Trustee for breach of contract.

## COUNT VI

### (QUANTUM MERUIT/UNJUST ENRICHMENT: DEBORAH BRIEN)

51. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

52. Deborah Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

53. The Debtor expected to be reimbursed for such personal expenditures, and Deborah Brien reasonably understood and expected that she would have to reimburse the Debtor for such expenditures.

54. Deborah Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

55. As a result of Deborah Brien's failure to reimburse the Debtor, Deborah Brien has been unjustly enriched at the expense of the Debtor and has received a benefit for which he has not paid the Debtor.

56. Deborah Brien is liable to the Trustee for the damages suffered by the Debtor.

COUNT VII

(TURNOVER: DEBORAH BRIEN)

57. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

58. Deborah Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures. As a result of Deborah Brien's personal expenditures, she owed a debt to the Debtor which is mature, payable on demand, or payable on order.

59. Deborah Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

60. Deborah Brien is liable under 11 U.S.C. §542(b) to turnover to the Trustee the amounts he owes to the Debtor.

## COUNT VIII

### (FRAUDULENT TRANSFER: DEBORAH BRIEN)

61. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

62. The Debtor was insolvent at the time of the transfers made to or for the benefit of Deborah Brien.

63. The Debtor did not receive a reasonably equivalent value from Deborah Brien.

64. The personal expenditures were made with the actual intent to hinder, delay and defraud creditors of the Debtor.

65. The benefit conferred upon Deborah Brien was a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and the Trustee is entitled to recover the value of the amounts so transferred pursuant to 11 U.S.C. § 550(a)(1).

## COUNT IX

### (BREACH OF CONTRACT: SCOTT BRIEN)

66. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

67. Scott Brien used or received the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

68. There was a contract between Scott Brien and the Debtor which obligated Scott Brien to reimburse the Debtor for such personal expenditures.

69. The Debtor complied with its obligations under the contract, but Scott Brien breached the contract.

70. Scott Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

71. As a result of Scott Brien's breach of contract, the Debtor suffered damages in an amount to be proven at trial.

72. Scott Brien is liable to the Trustee for breach of contract.

## COUNT X

### (QUANTUM MERUIT/UNJUST ENRICHMENT: SCOTT BRIEN)

73. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

74. Scott Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

75. The Debtor expected to be reimbursed for such personal expenditures, and Scott Brien reasonably understood and expected that he would have to reimburse the Debtor for such expenditures.

76. Scott Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

77. As a result of Scott Brien's failure to reimburse the Debtor, Scott Brien has been unjustly enriched at the expense of the Debtor and has received a benefit for which he has not paid the Debtor.

78. Scott Brien is liable to the Trustee for the damages suffered by the Debtor.

## COUNT XI

### (TURNOVER: SCOTT BRIEN)

79. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

80. Scott Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures. As a result of Scott Brien's personal expenditures, he owed a debt to the Debtor which is mature, payable on demand, or payable on order.

81. Scott Brien has failed and refused to reimburse the Debtor for the amounts owed based on his personal expenditures.

82. Scott Brien is liable under 11 U.S.C. §542(b) to turnover to the Trustee the amounts he owes to the Debtor.

## COUNT XII

### (FRAUDULENT TRANSFER: SCOTT BRIEN)

83. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

84. The Debtor was insolvent at the time of the transfers made to or for the benefit of Scott Brien.

85. The Debtor did not receive a reasonably equivalent value from Scott Brien .

86. The personal expenditures were made with the actual intent to hinder, delay and defraud creditors of the Debtor.

87. The benefit conferred upon Scott Brien was a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and the Trustee is entitled to recover the value of the amounts so transferred pursuant to 11 U.S.C. § 550(a)(1).

## COUNT XIII

### (BREACH OF CONTRACT: AYMSLEY BRIEN)

88. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

89. Aymsley Brien used or received the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

90. There was a contract between Aymsley Brien and the Debtor which obligated Aymsley Brien to reimburse the Debtor for such personal expenditures.

91. The Debtor complied with its obligations under the contract, but Aymsley Brien breached the contract.

92. Aymsley Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

93. As a result of Aymsley Brien's breach of contract, the Debtor suffered damages in an amount to be proven at trial.

94. Aymsley Brien is liable to the Trustee for breach of contract.

## COUNT XIV

### (QUANTUM MERUIT/UNJUST ENRICHMENT: AYMSLEY BRIEN)

95. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

96. Aymsley Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

97. The Debtor expected to be reimbursed for such personal expenditures, and Aymsley Brien reasonably understood and expected that she would have to reimburse the Debtor for such expenditures.

98. Aymsley Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

99. As a result of Aymsley Brien's failure to reimburse the Debtor, Aymsley Brien has been unjustly enriched at the expense of the Debtor and has received a benefit for which she has not paid the Debtor.

100. Aymsley Brien is liable to the Trustee for the damages suffered by the Debtor.

COUNT XV

(TURNOVER: AYMSLEY BRIEN)

101. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

102. Aymsley Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures. As a result of Aymsley Brien's personal expenditures, she owed a debt to the Debtor which is mature, payable on demand, or payable on order.

103. Aymsley Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

104. Aymsley Brien is liable under 11 U.S.C. §542(b) to turnover to the Trustee the amounts she owes to the Debtor.

## COUNT XVI

### (FRAUDULENT TRANSFER: AYMSLEY BRIEN)

105. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

106. The Debtor was insolvent at the time of the transfers made to or for the benefit of Aymsley Brien.

107. The Debtor did not receive a reasonably equivalent value from Aymsley Brien.

108. The personal expenditures were made with the actual intent to hinder, delay and defraud creditors of the Debtor.

109. The benefit conferred upon Aymsley Brien was a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and the Trustee is entitled to recover the value of the amounts so transferred pursuant to 11 U.S.C. § 550(a)(1).

## COUNT XVII

### (BREACH OF CONTRACT: LAUREN BRIEN)

110. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

111. Lauren Brien used or received the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

112. There was a contract between Lauren Brien and the Debtor which obligated Lauren Brien to reimburse the Debtor for such personal expenditures.

113. The Debtor complied with its obligations under the contract, but Lauren Brien breached the contract.

114. Lauren Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

115. As a result of Lauren Brien's breach of contract, the Debtor suffered damages in an amount to be proven at trial.

116. Lauren Brien is liable to the Trustee for breach of contract.

## COUNT XVIII

### (QUANTUM MERUIT/UNJUST ENRICHMENT: LAUREN BRIEN)

117. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

118. Lauren Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures.

119. The Debtor expected to be reimbursed for such personal expenditures, and Lauren Brien reasonably understood and expected that she would have to reimburse the Debtor for such expenditures.

120. Lauren Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

121. As a result of Lauren Brien's failure to reimburse the Debtor, Lauren Brien has been unjustly enriched at the expense of the Debtor and has received a benefit for which she has not paid the Debtor.

122. Lauren Brien is liable to the Trustee for the damages suffered by the Debtor.

## COUNT XIX

### (TURNOVER: LAUREN BRIEN)

123. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

124. Lauren Brien used or received the benefit of the funds, assets, and debit cards of the Debtor for personal purposes and personal expenditures. As a result of Lauren Brien's personal expenditures, she owed a debt to the Debtor which is mature, payable on demand, or payable on order.

125. Lauren Brien has failed and refused to reimburse the Debtor for the amounts owed based on her personal expenditures.

126. Lauren Brien is liable under 11 U.S.C. §542(b) to turnover to the Trustee the amounts she owes to the Debtor.

## COUNT XX

### (FRAUDULENT TRANSFER: LAUREN BRIEN)

127. The Trustee incorporates by reference all of the allegations in the preceding paragraphs as if set forth in full below.

128. The Debtor was insolvent at the time of the transfers made to or for the benefit of Lauren Brien.

129. The Debtor did not receive a reasonably equivalent value from Lauren Brien .

130. The personal expenditures were made with the actual intent to hinder, delay and defraud creditors of the Debtor.

131. The benefit conferred upon Lauren Brien was a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and the Trustee is entitled to recover the value of the amounts so transferred pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Trustee prays that:

1. The Court enter judgment for the Trustee and against James Brien, Deborah Brien, Scott Brien, Aymsley Brien, and Lauren Brien;

2. The Court award the Trustee damages, costs, and fees, together with appropriate interest;

3. That the Court award such other and further relief as it deems just and appropriate.

STEWART F. GROSSMAN,
CHAPTER 7 TRUSTEE,
By his attorneys,

DATE: February 1, 2005

/s/ Pamela A. Harbeson
Pamela A. Harbeson, Esq. (BBO #561479)
Charles P. Kindregan, Esq. (BBO #554947)
Georgia Asimakopoulos, Esq. (BBO # 658232)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800